**WO**

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Wilbur R. Gibson,<br><br>    Plaintiff,<br><br>    v.<br><br>Aetna Life Insurance Company, et al.,<br><br>    Defendants. | CIV-07-2157-PHX-SMM<br><br>**ORDER** |

Before the Court is Plaintiff's Motion for Extension of Time to Serve Complaint (Dkt. 8). Plaintiff electronically filed this action on November 6, 2007, alleging that Defendants violated provisions of the Employee Retirement Income Security Act of 1974 ("ERISA") (Dkt. 1). Pursuant to Federal Rule of Civil Procedure 4(m), Plaintiff had 120 days after the filing of the Complaint to effect service of the summons and complaint, i.e., until March 5, 2008. By Order dated January 10, 2008, the Court notified Plaintiff that it "shall dismiss this action without further notice to the Plaintiff with respect to any Defendant named in the Complaint that is not served in accordance with Rule 4 of the Federal Rules of Civil Procedure within that 120 day period" (Dkt. 5).

On March 5, 2008—the deadline for service—Plaintiff filed this motion requesting additional time to serve Defendants Renaissance Premier Senior Living, L.L.C. ("the Plan") and Renaissance Senior Living Management, Inc. ("Renaissance"). (Dkt. 8.) Plaintiff states this extension is necessary because service on the Plan is effected through Renaissance, and Plaintiff has been unable to locate Renaissance due to changes in name and address.

1  A court is required to extend the time for service "if the plaintiff shows good cause for
2 the failure" to effectuate service within the 120-day time limit. Fed. R. Civ. P. 4(m).
3 Plaintiff states that Renaissance had dissolved and reconstituted as a new entity
4 ("Renaissance II") but with the same management, statutory agent, and address. Plaintiff
5 asserts that he attempted service at that address and was informed that Renaissance II had not
6 been at that address for over one year. Plaintiff asserts that additional time is necessary to
7 locate Renaissance II or its agent, or to attempt alternative service. (Dkt. 4, Pl.'s Mot. 1:17-
8 26.)
9  Plaintiff's motion fails to demonstrate that his inability to locate and serve
10 Renaissance resulted from anything other than delay. Specifically, Plaintiff fails to
11 demonstrate that he has diligently sought to locate Renaissance or Renaissance II since the
12 filing of the Complaint. Had Plaintiff not waited until the last minute, Renaissance's change
13 of business name and address would not have prevented Plaintiff from effecting service
14 within the 120 days provided under Rule 4(m). As a result, the Court finds that good cause
15 has not been shown for Plaintiff's failure to serve Renaissance in this matter and Plaintiff's
16 motion is denied.
17  Accordingly,
18  **IT IS HEREBY ORDERED** denying Plaintiffs' Motion for Extension of Time to
19 Serve Complaint (Dkt. 8). This action is dismissed without prejudice as against Defendants
20 Defendants Renaissance Premier Senior Living, L.L.C. and Renaissance Senior Living
21 Management, Inc.
22  DATED this 11th day of March, 2008.

_____
Stephen M. McNamee
United States District Judge